Affirmed and Memorandum Opinion filed March 30, 2004









Affirmed and Memorandum Opinion filed March 30, 2004.

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00104-CR

____________

 

RAY ANTHONY MCCRAY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 928,955

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of
possession of more than one and less than four grams of crack cocaine and
assessed punishment at four years= confinement in
the Texas Department of Criminal Justice, Institutional Division, and a $2,000
fine.  On appeal, appellant complains he
was denied effective assistance of counsel at both the guilt‑innocence
and punishment phases of his trial.  We
affirm.

 

 








FACTUAL AND PROCEDURAL BACKGROUND

Around 1:30 a.m. on June 13, 2002,
Sergeant Casko of the Houston Police Department saw a car carrying five people
turn into the parking lot of a motel without signaling.  The car also lacked a front license
plate.  As Sergeant Casko approached it,
the driver and a back‑seat passenger jumped out and tried to walk
away.  Sergeant Casko stopped both.  While questioning them, Sergeant Casko saw
appellant, the front‑seat passenger, place a matchbox between his seat
and the center console.  After checking
the rear license plate and discovering the car was stolen from Georgia,
Sergeant Casko retrieved the matchbox. 
It contained six rocks of crack cocaine. 
Sergeant Casko placed appellant under arrest and discovered a crack pipe
in his pocket.  Subsequent tests found
trace amounts of cocaine in the pipe and confirmed that the matchbox contained
cocaine weighing between 1.01 and 1.15 grams.

Appellant testified during the guilt‑innocence
phase of his trial.  On cross‑examination,
appellant admitted to four prior convictions: two for theft, one for Awelfare fraud,@ and one for
possession of a controlled substance.  At
the time his prior convictions were admitted into evidence, appellant=s counsel failed
to request a limiting instruction, thus waiving his right to an instruction
later.  Nevertheless, the court included
a limiting instruction in the jury charge. 


During the punishment phase of his trial,
appellant pleaded Atrue@ to an enhancement
paragraph alleging he had been convicted of the felony of Awelfare fraud@ when in fact he
had been convicted of the felony of Asecuring execution
of a document by deception.@  The offense of Awelfare fraud@ does not exist in
Texas.

DISCUSSION








Appellant raises two points of error.  First, appellant contends he received
ineffective assistance of counsel during the guilt‑innocence phase of his
trial because his counsel failed to timely request a limiting instruction at
the time his prior convictions were admitted into evidence.  Second, appellant contends he received
ineffective assistance of counsel during the punishment phase of his trial
because his counsel allowed him to plead true to an enhancement paragraph
alleging he committed Awelfare fraud,@ an offense not
recognized under Texas law, and an offense for which he had not been
convicted.  Instead, appellant had been
convicted of the felony of Asecuring execution
of a document by deception.@ 

To establish ineffective assistance of
counsel, appellant must show by a preponderance of evidence (1) that his
counsel=s representation
fell below the objective standard of reasonableness under prevailing
professional norms, and (2) a reasonable probability that, but for the counsel=s deficient
representation, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S.
668, 687B88 (1984); Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  This two‑prong test for ineffective
assistance applies to both the guilt‑innocent and punishment phases of a
trial.  Hernandez v. State, 988
S.W.2d 770, 771 (Tex. Crim. App. 1999). 
Judicial review of trial counsel=s representation
is highly deferential; we presume counsel=s decisions fell
within a wide range of reasonable and professional assistance.  Bone, 77 S.W.3d at 833; Mallet v.
State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000).  

To rebut the presumption of reasonable
assistance, allegations of ineffectiveness must be firmly founded in the record
and the record must affirmatively demonstrate any alleged ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  Absent a specific
explanation in the record, an appellate court may not reverse a conviction on
ineffective assistance of counsel grounds when counsel=s act or omissions
may have been based on sound trial strategy. 
Bone, 77 S.W.3d at 830. 

I.        Failure
to Timely Request a Limiting Instruction








In his first point of error, appellant
contends his trial counsel was ineffective during the guilt‑innocence
phase of his trial because she failed to timely request a limiting instruction
when his prior convictions were admitted into evidence.  Appellant claims her failure to do so could
not have been strategy and was deficient because the record from the jury
selection shows counsel was aware of the importance of limiting instructions,
yet failed to request an instruction when appellant=s prior
convictions were admitted.  

The record below, however, does not
reflect a specific reason why counsel did not request a limiting
instruction.  What appears as a failure
in hindsight may have been sound trial strategy.  Courts have recognized as reasonable strategy
the decision not to request a limiting instruction in order to avoid reminding
the jury of incriminating evidence.  See,
e.g.,  Garcia v. State, 887
S.W.2d 862, 881 (Tex. Crim. App. 1994); Beheler v. State, 3 S.W.3d 182,
186 (Tex. App.CFort Worth 1999, no pet.); Abbott v.
State, 726 S.W.2d 644, 649 (Tex. App.CAmarillo 1987,
pet. ref=d).  Absent record evidence explaining trial
counsel=s strategy, we
cannot speculate as to whether a valid strategy existed, and thus appellant
cannot rebut the strong presumption of reasonable assistance.  

Additionally, appellant did not file a
motion for new trial that alleged ineffective assistance of counsel.  Therefore, the record does not reflect trial
counsel=s reasons for
opening the door to evidence of the extraneous offense.  The Court of Criminal Appeals has repeatedly
cautioned appellate courts to Abe especially
hesitant to declare counsel ineffective based upon a single alleged
miscalculation during what amounts to otherwise satisfactory representation,
especially when the record provides no discernible explanation of the
motivation behind counsel=s actions.@  Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999).  In such
situations, ineffective assistance of counsel claims are better presented
within the framework of a post‑conviction writ of habeas corpus under
article 11.07 of the Code of Criminal Procedure.  See Tex.
Code Crim. Proc. art. 11.07; Bone v. State, 77 S.W.3d 828, 833B34 (Tex. Crim.
App. 2002); Ex parte Torres, 943 S.W.2d 469, 475B76 (Tex. Crim.
App. 1997).  We overrule appellant=s first point of
error.

II.       Pleading
ATrue@ to AWelfare Fraud@








In his second point of error, appellant
contends his trial counsel was ineffective during the punishment phase of his
trial because she allowed him to plead Atrue@ to an enhancement
paragraph alleging he had a prior felony conviction for Awelfare fraud@ when in fact
appellant had been convicted of the felony of Asecuring execution
of a document by deception.@  

Again, the record below reflects no
specific reason explaining this decision sufficient to rebut the presumption of
reasonable assistance.  Since appellant
had already admitted to a prior conviction for welfare fraud during the guilt‑innocent
phase of his trial, it may well have been reasonable strategy not to deny the
enhancement allegation during the punishment phase.  Absent record evidence explaining trial
counsel=s strategy, we
simply do not know, nor may we speculate. We overrule appellant=s second point of
error. 

The judgment of the trial court is
affirmed.

 

 

 

/s/      Wanda
McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed March 30, 2004.

Panel consists of
Justices Yates, Hudson, and Fowler.

Do Not Publish C Tex. R. App. P. 47.2(b).